IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18–CV–25–BR

| | | |
|---|---|---|
| LINDA BETH GUPTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NORTH CAROLINA DEPARTMENT | ) | |
| OF PUBLIC SAFETY, NORTH | ) | |
| CAROLINA STATE HIGHWAY | ) | |
| PATROL, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on North Carolina Department of Public Safety, North

Carolina State Highway Patrol's ("Highway Patrol" or "defendant") motion for summary

judgment. (DE # 28.) Linda Gupton ("plaintiff") did not respond. The matter is now ripe for

adjudication.

## I.     BACKGROUND

As an initial matter, the court notes that because plaintiff failed to respond to defendant's

statement of material facts, such numbered facts are deemed to be admitted. See Fed. R. Civ. P.

56(e)(2)("If a party fails to properly support an assertion of fact or fails to properly address

another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact

undisputed for purposes of the motion[.]"); Local Civil Rule 56.1(a)(2) ("Each numbered

paragraph in the moving party's statement of material facts will be deemed admitted for purposes

of the motion unless it is specifically controverted by a correspondingly numbered paragraph in

the opposing statement.").

Plaintiff filed her complaint under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq. ("Title VII") on the basis of sex discrimination. (Compl., DE # 1–2.) Plaintiff was an employee of Highway Patrol for nineteen years. (Def.'s Statement of Material Facts, DE # 29, ¶ 2.) In March 2017, plaintiff, a female sergeant, was the supervisor for the Training Academy's Polygraph Unit. (Id. ¶¶ 2, 12.) At that time, Lieutenant Robert Reynolds ("Lieutenant Reynolds") and Major Shane Manuel ("Major Manuel") were in her chain of command. (Id. ¶ 3.) On 31 March 2017, Highway Patrol's Internal Affairs ("Internal Affairs") received a complaint from Christy Willis regarding her partner, Sergeant Rich Willis ("Willis"), allegedly having an affair with plaintiff on the night of 30 March 2017. (Id. ¶ 4.) Based on the complaint, Internal Affairs opened an unbecoming conduct investigation for plaintiff and Willis. (Id.) That day, Major Manuel and Lieutenant Reynolds both spoke with plaintiff regarding the allegation. (Id. ¶ 5–6.) A week later, on 4 April 2017, Lieutenant Reynolds spoke with plaintiff again regarding the allegation. (Id. ¶ 7.) Later in the month, plaintiff spoke with Major Manuel regarding the allegation. (Id. ¶ 8.)

Based upon these conversations, Major Manuel recommended to another officer, Lieutenant Colonel J.A. Melvin, that plaintiff be transferred to another unit while Internal Affair's conducted its investigation. (Id. ¶¶ 11, 12.) Accordingly, in late April 2017, plaintiff was transferred from her position with the Training Academy's Polygraph Unit to "special assignment" Troop C, District 8. (Id. ¶ 12.) Plaintiff remained a sergeant at this time. (Id. ¶ 14.)

On 14 August 2017, Internal Affairs concluded that the unbecoming conduct allegation from the 31 March 2017 complaint was not substantiated; however, plaintiff was terminated from employment with Highway Patrol on three separate substantiated claims: untruthfulness during the complaint investigation, insubordination, and a residency violation. (Id. ¶¶ 17, 21.)

Plaintiff challenged her termination, which was then upheld solely on the basis of her violation of Highway Patrol's truthfulness policy. (Id. ¶ 22.)

Specifically, Highway Patrol found three violations of its truthfulness policy: (1) on 31 March 2017 plaintiff provided a false statement to Major Manuel and Lieutenant Reynolds that she stayed in Orange County, North Carolina, with her mother, only stopping at her condominium to give Willis a check; (2) during the week of 1 April 2017 plaintiff provided a false statement to Lieutenant Reynolds that she stayed at her condominium with Willis and her mother; and (3) on 17 April 2017 plaintiff provided a false statement to Major Manuel that she did not have a relationship with Willis. (See Final Dismissal Notice, DE # 32–2, at 2.) Plaintiff contends she provided an untruthful statement to Major Manuel because it was her belief that she did not have to divulge this information due to the informality of the conversation and its setting. (Gupton Dep., DE # 32–3, at 69, 76.)

## II.     STANDARD OF REVIEW

Summary judgment is appropriate when the record as a whole reveals no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment initially must demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists. Anderson, 477 U.S. at 249. In

making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

### III. DISCUSSION

Defendant contends that plaintiff has failed to establish a prima facie case under Title VII. "[T]he elements of a prima facie case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd sub nom. Coleman v. Court of Appeals of Maryland, 566 U.S. 30 (2012). Defendant raises a number of grounds for judgment in its favor. However, the court's analysis focuses solely on defendant's argument that plaintiff fails to show that she received treatment different from similarly situated employees outside of her protected class. (Def.'s Mem. Supp. Summ. J., DE # 31, at 7.)

"The standard for whether employees are similarly situated requires that their circumstances be nearly identical." Frazier v. N. Carolina Dep't of Transportation, No. 4:14–CV–149–D, 2016 WL 5416609, at *4 (E.D.N.C. Sept. 26, 2016) (citations omitted); Cf. Lightner v. City of Wilmington, N.C., 545 F.3d 260, 265 (4th Cir. 2008) (finding the Acting Division Commander of the Professional Standards Division to be a unique position, not comparable to another officer who was neither in the Professional Standards Division or an Acting Division Commander); Ivanova–Nikolova v. E. Carolina Univ., No. 4:08–CV–209–BR, 2011 WL 2462468, at *11 (E.D.N.C. June 17, 2011) (finding that a tenured professor and department chair and an assistant professor on the tenure track in the same department not similarly situated because they were not at the same place in their career). The circumstances courts evaluate are

"attributes, experience, education, and qualifications" of the subject employees. <u>Frazier</u>, 2016 WL 5416609, at *4 (internal quotation marks and citation omitted).

Here, defendant's evidence shows that "all members of [Highway] [P]atrol for which allegations of untruthfulness have been substantiated have been dismissed, unless the member chose to retire or resign in lieu of dismissal." (Def.'s Statement of Material Facts, DE # 29, ¶ 23.) Defendant further shows that plaintiff's transfer to Troop C, District 8 was unique, resulting from concerns over "the perception of having a potentially untruthful person in charge of the [Highway] Patrol's Polygraph Unit." (<u>Id.</u> ¶11.) Although plaintiff alleges unnamed male employees at Highway Patrol were treated differently than plaintiff was for engaging in similar conduct, (<u>see</u> Compl., DE # 1–2, at 3, 4), plaintiff has not come forward with any detailed evidence, such as the individuals' conduct, supervisors in charge, lack of investigation, or consequence of their actions, for the court to analyze. <u>See</u> <u>Swaso v. Onslow Cty. Bd. of Educ.</u>, 698 F. App'x 745, 749 (4th Cir. 2017), <u>as amended</u> (Aug. 11, 2017) (finding bare allegations insufficient to demonstrate similarly situated employees, a plaintiff must "provide factual enhancement regarding the alleged comparators" such as job requirements and imposed restrictions).

As for Willis specifically, while plaintiff and Willis were sergeants employed by Highway Patrol and accused of the same conduct on 30 March 2017, beyond those alleged commonalities, plaintiff presented no evidence of comparability. <u>Cf.</u> <u>Tshibaka v. Sernulka</u>, 673 F. App'x 272, 279 (4th Cir. 2016) (finding "evidence that the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct" to be a common similarity showing) (internal quotation marks and citation omitted). Indeed, the facts presented establish otherwise. Plaintiff, the supervisor of the Training Academy's Polygraph

Unit, was in an anomalous position within Highway Patrol—her career responsibilities, the ethical standard of her position, and her educational qualifications, differ greatly from almost all employees at Highway Patrol. (Gupton Dep., DE # 32–3, at 39–44, 58, 158–60.) This includes Willis, who did not work at the Training Academy's Polygraph Unit at that time, but was assigned to Highway Patrol Troop A. (Id. at 95.) Accordingly, plaintiff fails to demonstrate how she is similarly situated to the male employees, and therefore has failed to establish a prima facie case. Defendant is entitled to judgment as a matter of law.

## IV.    CONCLUSION

For the foregoing reasons, defendant's motion is GRANTED. The case is DISMISSED WITH PREJUDICE. The clerk is DIRECTED to enter judgment and close the case.

This 9 April 2019.


_____

W. Earl Britt
Senior U.S. District Judge